## 10154

### HUGHES v. GREEN.

#### (98 S. E. 201.)

GUARDIAN AND WARD—COLLECTION OF RENT—LIABILITY.—Guardian must collect rent from ward's real estate, and he is responsible therefor on failure to so do.

Before SHIPP, J., Union, Spring term, 1918. Affirmed.

Proceedings by D. Ambrose Hughes against T. A. Green, to open and set aside a settlement between guardian and ward. Decree of probate Court affirmed by Court of Common Pleas, and respondent appeals.

*Messrs. J. Ashby Sawyer* and *Carson, Boyd & Tinsley,* for respondent-appellant, submit: *The final settlement made by the respondent as administrator of the estate of W. T. Hughes on May 20, 1909, and final settlement, made by the respondent as guardian of the estate of petitioner on January 2, 1913, were judgments:* 20 S. C. 493; 53 S. C. 407. *The ground upon which any Court would disturb the judgments or settlements between the parties is stated in the textbooks to be fraud, misrepresentations or mutual mistake:*

18 Cyc. 1215; 12 R. C. L. 1150.  *The rule in this State is that the distributees, being all of age and sui juris, having made a settlement, which was stated for them by the ordinary (but not in the form of a decree), intended to be in full, and the parties gave discharges in full to the administrator, were precluded from questioning any matter involved in the settlement, and had no right to open the settlement except upon proof of fraud, misrepresentations, concealment or mistake of facts:* 21 S. C. Eq. 48; 2 S. C. 95; 4 S. C. 19; 19 S. C. 561 (468).  *Persons occupying a fiduciary relation are chargeable with interest from the beginning of the calendar year next after the appointment:* 82 S. C. 109.

*Messrs. Wallace & Barron,* for petitioner-respondent, submit: *Green should account for the Goings rent, $210, with interest from 1913:* 51 S. C. 506; 3 Rich. 45; A. & E. En. Law, p. 70; 2 Strob. Law 3.  *Expenses ordinary of attending to the estate are the executors' or trustees' personal expenses, covered by his allowance of commissions, and will not be allowed after complication any way for it.* 2 McC. Chan., p. 213.  *An attorney's or clerk's fee can not be allowed except where the propriety and necessity for his employment is shown—none shown here:* 11 S. C. 118; 60 S. C. 281.  *Generally the trustee should have been made to pay interest:* 1566-69; 1 McC. Chan. 459; 11 A. & E. En. Law 1215; C. & 1217d; 14 Rich. Eq. 304; 9 Rich. Eq. 184; 82 S. C. 117.

February 4, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This appeal arises from a proceeding commenced in the probate Court for Union county, to open and set aside a settlement had between a guardian and his ward.  The decree of the probate Judge states:

"The respondent was the administrator on the estate of W. F. Hughes, deceased, and the guardian of the petitioner's

estate; the latter being the sole heir and distributee of the said W. F. Hughes. The respondent has received his discharge, after a final settlement or return, as administrator, and has also filed his return, which he claims to be full and final, as guardian, but has never received his discharge as such guardian.

"This proceeding is brought to reopen and surcharge the returns filed by the respondent, both as administrator and guardian. As a matter of equity and justice, I have determined, that this should be allowed; and I am moved to do this for the reason that, among other things, I feel that a Judge of probate is, in part, at least, responsible for any wrong done in stating accounts such as these. Such matters are under his special supervision, as the respondent's attorneys contend, and the parties to such accountings rely very largely upon the advice and actions of the Judge of probate.

"In the present instance I desire to say that I was never altogether satisfied with the accounts rendered by the respondent. Doubtless I should have called this to the latter's attention, but in some instances the accounts were sent me by mail, and in the final return these things were overlooked. It is these matters that, so far as I am able, I desire to correct in this. decree."

1. The Judge of probate finds that there was a final settlement, except as to two matters of rent. It is thus seen that the settlement between the guardian and his ward is opened on the ground that the probate Judge has changed his mind as to the "equity and justice" of the final settlement between the parties. In *Dunsford v. Brown,* 19 S. C. 570, it was said, in a *per curiam* order for rehearing, that the settlement cannot be opened unless there has been misrepresentation, undue influence, imposition, or fraud in said settlement. There is no such finding in this case.

2. The Judge of probate finds that the settlement was final, except as to two matters of uncollected rent, to wit,

rent due by Rice and Goings. The Rice rent was paid and is out of the case. The guardian is responsible for the Goings rent. It was the duty of the guardian to collect the rent, and he did not do so. If the ward has agreed to take the account against Dr. Goings as cash, that might have raised another question. The finding is, and we cannot say it was error, that the ward did not take the account as cash.

The judgment appealed from is modified as above.

MESSRS. JUSTICE HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.